| | | |
|---|---|---|
| **ROBIN WILLIAMS and TRACE WILLIAMS,** | )( | |
| **Plaintiffs,** | )( | |
| **V.** | )( | **CIVIL ACTION: _____** |
| | )( | **(JURY TRIAL)** |
| **EAST BATON ROUGE PARISH SHERIFF'S OFFICE; SHERIFF SID J. GAUTREAUX, III, INDIVIDUALLY, AND IN AN OFFICIAL CAPACITY; RIVERDALE COMMONS HOMEOWNER'S ASSOCIATION, INC.; and JONI KARRAS,** | )( )( )( )( | |
| **Defendants.** | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT**:

NOW COMES ROBIN WILLIAMS and TRACE WILLIAMS complaining of EAST BATON ROUGE PARISH SHERIFF'S OFFICE; SHERIFF SID J. GAUTREAUX, III, INDIVIDUALLY, AND IN AN OFFICIAL CAPACITY; RIVERDALE COMMONS HOMEOWNER'S ASSOCIATION, INC., and JONI KARRAS, and sets forth in the following (all exhibits are incorporated by reference as if fully set forth herein) :

## CASE STATEMENT

1.      Robin Williams lived in the East Baton Rouge Parish most all her life and prior to the events set forth herein had never been arrested for any crime.  Neither had her son Trace Williams ever before been arrested for any crime in his life.  In late 2007 Robin and Trace began questioning their homeowners' association concerning its financial status and where the dues and other money was going.  The association resisted all their attempts, even up to this day, to reveal

the subject financial records.[1]  Of course, it is the right of any association homeowner to "see the books" as is set forth in the association's bylaws.

2.       The association had been improperly using association money to repair an association officer's (the purported[2] treasurer--defendant Joni Karras) condominium as well as outright taking of the money by Karras.  Karras even made payments directly from association funds to her step dad--Captain Richard Harris with the East Baton Rouge Parish Sheriff's Office ("EBRPSO")(the jurisdiction that the association is in)--to prevent the misappropriations from coming to light.

3.       During the time the Williams openly and publicly were trying to look at the association's financial records, which would have shown the association money going to EBRSPO Captain Harris and her stepdaughter Karras misappropriating association money, the East Baton Rouge Parish Sheriff's Office falsely charged Trace five times including once each for trespassing, fistic endeavor, and disturbing the peace and twice for owner's responsibility for his dog.

3.       Robin, also, was falsely arrested *twice* and sent to prison[3] *twice* by the East Baton Rouge Parrish Sheriff's Office for attempted _murder_ and as well as a separate charge of felony aggravated battery.

4.       When Robin tried to file an internal affairs complaint the EBRPSO refused and gave her a citation for disturbing the peace.

---

[1] For reasons unrevealed by the Association only the Long Law Firm has the subject financial records but as of this date the Long Law Firm has not provided copies to homeowners pursuant to the bylaws.

[2] There is indication that Ms. Karras was not properly installed as association treasurer--although she controlled the accounts.

[3] In Louisiana pretrial detainees are held in parish prisons, unless they bond out.

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                        **PAGE 2**

5.     The Williamses were attacked by known assailants in the Williamses home because they asked for the financial records and the EBRPSO did nothing.

6.     The Williamses spoke directly with East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, about all their experiences and, despite reassurances, Sheriff Gautreaux failed to do anything.

7.     At great expense the Williamses' hired a criminal defense attorney and, eventually, every one the eight (8) criminal prosecutions or citations ended in the favor of the Williamses.

8.     Under the hellish circumstances created by the EBRPSO, Sheriff Gautreaux, Karras and the homeowner's association the Williamses fled to Houston, Texas.

## JURISDICTION AND VENUE

9.     This is an action for injunctive relief and damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.   Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.   Louisiana state law claims are brought pursuant to pendant jurisdiction under 28 U.S.C. 1367(a) as *"district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."*

10.     Venue is proper in this Court under 28 U.S.C. § 1391 as the events giving rise to this civil action occurred in East Baton Rouge Parish, Louisiana, in the United States Middle District of Louisiana and defendants are political bodies, business entities or individuals residing or located within said United States judicial district.

## PARTIES

11.     Plaintiff Robin Williams formerly of East Baton Rouge Parish, LA, is an individual and a resident of Harris County, Texas.

12.     Plaintiff Trace Williams formerly of East Baton Rouge Parish, LA, is an individual and a resident of Harris County, Texas.

13.     Defendant East Baton Rouge Parish Sheriff's Office, is a political subdivision of the State of Louisiana, duly authorized and existing pursuant with the constitution and laws of the State of Louisiana and can be served with process by serving the

14.     Defendant Riverdale Commons Homeowners Association, Inc., is located in East Baton Rouge Parish and is incorporated in the State of Louisiana and can be served with process by serving its registered agent Mary Michelle Martello, 15756 Riverdale Avenue, Baton Rouge, LA 70816.

15.     Defendant Joni Karras is an individual and resident of East Baton Rouge Parish and can be served at 15684 Riverdale, Baton Rouge, LA.

16.     Defendant Sid J. Gautreaux, III, is sued individually and as the Sheriff of East Baton Rouge Parish and can be served with process at 300 North Boulevard, Baton Rouge, LA 70801.

## FACTS

17.     Robin Williams was born November 30, 1950, in East Baton Rouge Parish and except for a few years lived all her life there.  Recently Robin worked as a bookkeeper with clients in East Baton Rouge Parish.  Prior to the events described in the instant lawsuit Robin had never been arrested for any crime in her life.  Neither had her son Trace Williams ever before been arrested for any crime in his life.

18.     In 1989 Robin moved into a townhouse at 15772 Riverdale Avenue East, Baton

Rouge in East Baton Rouge Parish.  The townhouse is in Trace's name and both lived there until 2008.  All homeowners had to pay dues to the Riverdale Commons Homeowners Association, Inc. ("the Association"), comprising owners and lessees living in 49 units with dues at $100.00 monthly as of November, 2005.  There was a "Special Assessment" of $1600.00 per unit ($78,400.00) in October, 2005, to repair the roofs of the townhouse buildings.

19.     In late 2007 several Association members were complaining that their roof leaked or was shoddily repaired and had other concerns regarding townhouse conditions.  At this time Robin and Trace began questioning the Association concerning its financial status and where the dues, Special Assessment and other Association money was going.  Robin and Trace wanted to see if the Association was properly spending their money and requested to look at the Association's financial documents as allowed by the Association bylaws.  The person acting as treasurer, Joni Karras ("Defendant Karras"), said she did not know how to print out the documents and would figure it out and get back with Robin.

18.     At the time these questions were being raised Defendant Karras, unilaterally, closed an Association's account at Region's Bank in Baton Rouge on December 5, 2007, when there was a $7,873.50 balance remaining.

19.     After several more attempts to get the financial records Trace sent out a letter on December 28, 2007, to all the Riverdale Commons homeowners that Defendant Karras appeared to have taken control of the Association's assets and was refusing to show the financial records.  Trace called for a meeting.  **Exhibit 1.**

20.     By letter dated January 4, 2008, Defendant Karras, notified the homeowners that the Association did not have the financial records and that the Long Law Firm, who purports to be the lawyers for the Association, had them.  Robin attempted to get a copy of the records from

the Long Law Firm but was not given a copy.

21.     On January 6, 2008, Trace sent out another letter to the Association members concerning the continuing refusal by Karras and the Association to reveal the Association's financial records and called for a meeting of Association members to address the matter.

22.     The Association, even up to this day, has resisted efforts to reveal the subject financial records.[4]

23.     On March 27, 2008, Defendant Karras gave her stepfather, EBRPSO Captain Richard Harris, $400.00 of Association funds.  **Exhibit 2.**[5]

24.     In early April, 2008, Joni Karras improperly used Association funds to make repairs to her condominium and that of Lisa Scott-Zatta.  On April 18, 2008, the Association claimed to have appointed a new treasurer--Lisa Scott-Zatta.

25.     On April 22, 2008, Joni Karras resigned from the Association board.

26.     On April 22, 2008, the EBRPSO issued a Misdemeanor Summons for criminal trespass against Trace.  The complaining witness was defendant Karras who claimed to have lodged a complaint days earlier.  There was no reasonable suspicion or probable cause that Trace committed criminal trespass.  The dispute arose from Trace taking pictures, from Association common area, of Defendant Karras improperly spending Association money for her personal condominium repairs, which Trace wanted to use to show that the Association was not spending the members' money properly.

27.     On April 23, 2008, Trace filed a fraud charge with the EBRPSO concerning the

---

[4] For reasons unrevealed by the Association only the Long Law Firm has the subject financial records but as of this date the Long Law Firm has not provided copies to homeowners pursuant to the bylaws.

[5] A copy of this check was only recently obtained.

Association's and Karras' misappropriations. The EBRSO did nothing.

28.     Also, on April 23, 2008, Robin went to the EBRPSO to file an IAD complaint about EBRPSO deputies at the main office of the East Baton Rouge Parish Sheriff's Office. The IAD department told Robin she could not file a IAD complaint and was told to go to the Kleinpeter EBRPSO substation. The personnel at Kleinpeter EBRPSO substation did not inform Robin about any IAD complaint procedures. Instead a deputy issued Robin a ticket for disturbing the peace because of her speech earlier in the day.

29.     The night of April 23, 2008, Josh Campbell who lived in the complex suddenly appeared with a stranger at the door of plaintiffs' residence. Trace answered the door. Trace opened the door and Campbell asked Trace to step outside in hostile tone. Trace went to shut the door and both Campbell and the stranger pushed the door in, punched Trace and broke his sunglasses, and Robin received a cut on the finger. The attackers then left. EMS came to check the cut on Robin's finger and several EBRPSO deputies arrived. Despite the positive identification of one the attacker and address--at the same Riverdale Commons townhouses--by two witnesses the EBRPSO deputies did not arrest Campbell or anyone--not even to this day.

30.     After the April 23, 2008, assault The Williamses spoke directly with East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, about all their experiences above and, despite reassurances, Sheriff Gautreaux failed to do anything. Sheriff Gautreaux is in charge of the EBRPSO and is the policymaker who controls all policies, training, discipline and practices of the EBRPSO.

31.     On April 25, 2008, the East Baton Rouge Parish Sheriff's Office charged Robin with Attempted 2nd degree MURDER. Defendant Karras stated she was doing Association business by pulling up signs when Robin attempted to run her over in a car. Robin was

handcuffed, paraded past neighbors, a DNA sample was taken, fingerprinted and strip searched and taken to the East Baton Rouge Parish prison and put in a cell. Robin found these unprivileged actions highly offensive and embarrassing and she did not consent to them. Robin's brother had to put up his house on a $20,000 bond to get Robin bonded out. There was a $35.00 bond processing fee. Robin had to hire a criminal defense attorney to defend her on the attempted murder charge. The complaining witness was Defendant Karras. There was no reasonable suspicion or probable cause that Robyn attempted to murder anyone nor committed any other crime.

32. The EBRSPO additionally, charged Trace four other times including once for fistic endeavor, once for disturbing the peace and twice for owner's responsibility for his dog. There was no reasonable suspicion or probable cause that Trace committed any of these offenses.

33. On May 29, 2008, Robin, Trace and Sing Van Cleave (Robin's mother) went to an Association meeting and asked again for the financial records. Karras was present and phoned the EBRPSO and five squads immediately arrived. Deputy Pitre threatened Robin and Trace with arrest for disturbing the peace it they continued to speak even though Robin and Trace wished to continue speaking about the finances of the Association.

34. Due to constant involvement of the EBRPSO and failure of Sheriff Gautreaux to do anything about the aforementioned bad acts Robyn did not think it safe to stay in East Baton Rouge Parish and left to live in Houston, Texas, in July, 2008, where Trace had a rented a townhouse.

35. On August 27, 2008, Robin and Trace returned to their town home in East Baton Rouge Parish to do repairs when a neighbor arrived. The neighbor was told to leave but didn't and struck Trace in the back and a scuffle ensued. Robin tried to break it up, but a acquaintance

of the attacker then assaulted Robin. The scuffle ended and, since witnesses called 911, the EBRPSO deputies arrived. Even though there were two eyewitnesses that Trace and Robin were the ones assaulted, without any valid reason the EBRPSO deputies arrested Robin for felony aggravated assault and Trace received a criminal citation. The actual attackers received nothing.

36.     Again Robin was handcuffed, paraded past neighbors and taken to the EBRPSO Kleinpeter substation and handcuffed to a bench and then taken to East Baton Rouge Parish prison where a DNA sample was taken, she was fingerprinted and strip searched and put in a cell. Robin found these unprivileged actions highly offensive and embarrassing and she did not consent to them. Trace put up a $2000.00 cash bond to get Robin bonded out. A $40.00 processing fee was eventually paid.

37.     As Robin was leaving the prison four EBRPSO deputies taunted Robin verbally and by opening and shutting the electronic gate in front of her. Robin had to hire a criminal defense attorney to defend her on the new charge. There was no reasonable suspicion or probable cause that Robyn committed any crime.

38.     Eventually, every one the eight (8) criminal prosecutions or citations ended in the favor of the Williamses. Robin wishes to return to East Baton Rouge Parish and must service her bookkeeping clients there but is terribly frightened of defendants flagrant abuse of government power.

## 42 U.S.C. § 1983

39.     Plaintiffs incorporate all paragraphs above. Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. § 1983 against all defendants for excessive force, false arrest, unlawful detention, violation of freedoms of speech, failure to protect, due process denial, and unreasonable search and seizure under at lease the First, Fourth, Fifth and Fourteenth

Amendments.

40.     The East Baton Rouge Parish Sheriff's Office and Defendant Sid J. Gautreaux, III, individually and as the Sheriff of East Baton Rouge Parish were aware yet were consciously indifferent to the plaintiffs' rights violations of false arrest, unlawful detention, violation of freedoms of speech, due process denial, failure to protect, and unreasonable search and seizure under at least the First, Fourth, Fifth and Fourteenth Amendments.

41.     Defendants Joni Karras and the Riverdale Commons Homeowners Association, Inc., conspired with Sheriff Gautreaux and the East Baton Rouge Parish Sheriff's Office to violate plaintiffs rights as set forth in the paragraphs above.

## NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS

42.     Plaintiffs incorporate all paragraphs above.  Defendants Joni Karras and the Riverdale Commons Homeowners Association, Inc., had a duty to treat plaintiffs with care and act prudently and not to negligently, recklessly or with gross negligence have plaintiff suffer the violations as complained of herein thereby breaching their duties.  At all times relevant Defendant Karras was acting as an agent of Riverdale Commons Homeowners Association, Inc. The Riverdale Commons Homeowners Association, Inc., had a duty to act as a prudent association toward its members and the public and failed to do so causing plaintiffs the damages they complain of herein.  Plaintiffs suffered false arrest, false imprisonment, assault, battery, intentional infliction of emotional distress, and conversion of property as well as the Constitutional violations referenced above.

## SUPERVISORY LIABILITY

43.     Plaintiffs incorporate all paragraphs above.  Sheriff Gautreaux was fully aware of the complaints against his deputies as set forth above and failed to supervise properly, thereby,

causing the damages that plaintiffs have suffered. *Roberts v. City of Shreveport*, 397 F.3d 287, 291 (5th Cir. 2005).

## RATIFICATION

44.     Plaintiffs incorporate all paragraphs above. Sheriff Gautreaux was in charge and the policymaker at the East Baton Rouge Parish Sheriff's Office and was fully ware of the facts and complaints herein. Trace filed a fraud complaint. Robyn went to internal affairs. No deputy received any discipline, training, or any other consequence as a result of the acts complained of herein, As such Sheriff Gautreaux and the East Baton Rouge Parish Sheriff's Office ratified the deputies actions complained of herein as their own accepted policies, practices, customs and procedures. *Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987).

## CONVERSION/FRAUD/UNJUST ENRICHMENT

45.     Plaintiffs incorporate all paragraphs above. The defendants all caused the conversion of plaintiffs' Association dues, Special Assessment, and other moneys collected. Defendants Karras and the Association committed fraud and were unjustly enriched by taking and using Association money for personal use.

## MENTAL ANGUISH.

46.     Plaintiffs incorporate all paragraphs above. All Defendants acted either purposefully, with conscious indifference, negligently, recklessly or with gross negligence inflicting great mental anguish upon Robin and Trace Williams. Defendants caused plaintiffs mental anguish of at least sadness, depression, anger, remorse, loss of sleep, anxiety, fear, apprehension and feelings of loss and hopelessness for which plaintiffs seek compensation.

## MALICIOUS PROSECUTION

47.     Plaintiffs incorporate all paragraphs above.   The defendants maliciously prosecuted Trace and Robin by their acts and failures to act.  Trace and Robin did not do the crimes they were accused of, defendants initiated and maintained the prosecutions despite knowing the accusations were false and all criminal charges ended in Trace and Robin's favor. There was no probable cause or reasonable suspicion that Robin and Trace committed any of the EIGHT separate crimes they were accused of.

## PUNITIVE DAMAGES

48.     Plaintiffs incorporate all paragraphs above.  Plaintiffs are entitled to punitive damages against all individuals (natural persons) defendants in their individual capacities and Riverdale Commons Homeowners Association, Inc., due to malice, gross negligence, reckless conduct and purposeful acts in violation of rights guaranteed by the United States Constitution and Louisiana state law .

## ATTORNEY'S FEES

49.     Plaintiffs seek reasonable attorney fees, costs of litigation and expenses under 42 U.S.C. Sections 1988 and as allowed under Louisiana state law.

## JURY TRIAL

50.     Plaintiffs demand a jury trial.

## INJUNCTIVE RELIEF

51.     Plaintiffs incorporate all paragraphs above.  Plaintiffs request injunctive relief against Sheriff Gautreaux and the East Baton Rouge Sheriff's Parish Office in the form of a court Order creating internal affairs complaint procedures, written policies and training in the citizen complaint process.  Equitable relief does not require a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Robin and Trace Williams request that judgment be entered for plaintiffs against defendants jointly and severally and that the Court specifically:

a.      Award compensatory damages to plaintiffs against the defendants;

b.      Award costs and expenses of this action to the plaintiffs against the defendants including reasonable attorney fees and expenses and costs of litigation;

c.      Award pre-judgment and post judgment interest against defendants to plaintiffs;

d.      Award punitive damages against any and all individual defendants and the Riverdale Commons Homeowners Association, Inc., for the for plaintiffs;

e.      Order injunctive relief from Sheriff Gautreaux and the East Baton Rouge Sheriff's Office in the form of creating internal affairs complaint procedures, written policies and training in the citizen complaint process to allow citizens to complain about deputies' behavior; and

f.      Award such other and further relief as this Court may deem appropriate.

RESPECTFULLY SUBMITTED,

/S/ Burton P. Guidry

_____
Burton P. Guidry
Attorney-in-Charge
Burton P. Guidry and Associates
State Bar of Louisiana No.: 06439
115 West Main Street, Suite 20
Lafayette, Louisiana 70501
Telephone:     337/303-3226
FAX:             225/292-6892
E-mail:          BurtonGuidry@bellsouth.net
Attorney for Plaintiff

Of Counsel:
Randall L. Kallinen
Law Office of Randall L. Kallinen
State Bar of Texas No.: 00790995
Southern District of Texas Bar No.: 19417
Admitted, Fifth US Circuit Court of Appeals
511 Broadway Street
Houston, Texas 77012
Telephone:    713/320-3785
E-mail:          AttorneyKallinen@aol.com
Attorney for Plaintiff


## NOTICE OF ELECTRONIC FILING

I certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the United States District Court for the Middle District of Louisiana on this the 18th day March, 2009.

/S/ Burton P. Guidry

_____

Burton P. Guidry