## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBIN WILLIAMS AND TRACE WILLIAMS | NO. 09-CV-00148 |
| VERSUS | JUDGE JAMES J. BRADY |
| EAST BATON ROUGE PARISH SHERIFF'S OFFICE, SHERIFF SID J. GAUTREAUX, III, INDIVIDUALLY AND IN AN OFFICIAL CAPACITY, RIVERDALE COMMONS HOMEOWNER'S ASSOCIATION, INC., AND JONI KARRAS | MAG. STEPEHN C. RIEDLINGER |

**************************************************************************

## ANSWER

**NOW INTO COURT,** through undersigned counsel, comes Riverdale Commons Homeowner's Association (sometimes hereinafter referred to as "Riverdale"), purportedly made defendant herein, who respectfully represents the following:

1.

The allegations contained in Paragraph 1 of plaintiffs' petition are denied.

2.

The allegations contained in Paragraph 2 of plaintiffs' petition are denied.

3.

The allegations contained in Paragraph 3 of plaintiffs' petition are denied.

3.

The allegations contained in Paragraph 3 of plaintiffs' petition are denied.

4.

The allegations contained in Paragraph 4 of plaintiffs' petition are denied.

5.

The allegations contained in Paragraph 5 of plaintiffs' petition are denied.

6.

The allegations contained in Paragraph 6 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of plaintiffs' petition are denied.

9.

The allegations contained in Paragraph 9 of plaintiffs' petition are denied as written and call for a legal conclusion.

10.

The allegations contained in Paragraph 10 of plaintiffs' petition are denied as written and call for a legal conclusion.

11.

The allegations contained in Paragraph 11 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

14.

Respondent admits that it is located in East Baton Rouge Parish; that it is incorporated in the State of Louisiana; however, although Mary Michelle Martello is listed as its registered agent for service of process, respondent denies that Mary Michelle Martello had the authority to register on its behalf as its agent for service of process.

15.

The allegations contained in Paragraph 15 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

18.

Respondent admits that homeowners who were members of the association had an obligation to pay dues to the association and further admit that there was a special assessment assessed by the association. The remaining allegations contained in Paragraph 18 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 of plaintiffs' petition are denied.

23.

The allegations contained in Paragraph 23 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 of plaintiffs' petition are denied.

25.

The allegations contained in Paragraph 25 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 of plaintiffs' petition are denied for lack of

sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 32 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

34.

The allegations contained in Paragraph 34 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 35 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 of plaintiffs' petition are denied for lack of

sufficient information to justify a belief therein.

37.

The allegations contained in Paragraph 37 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 38 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 39 of plaintiffs' petition are denied.

40.

The allegations contained in Paragraph 40 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

41.

Respondent specifically denies that it conspired with Sheriff Gautreaux and the East Baton Rouge Parish Sheriff's Office to violate plaintiffs' rights.

42.

Respondent specifically denies any fault, liability, negligence or deviation from any duty or standard of care relative to the plaintiffs and, therefore, denies any damages as a result of any conduct on the part of respondent. Further, respondent specifically denies that Karras was acting as agent of Riverdale.

43.

The allegations contained in Paragraph 43 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in Paragraph 44 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

45.

Respondent specifically denies any wrongful conversion of plaintiffs' association dues, special assessment, and/or any monies collected as a result of any conduct or omission on the part of respondent.

46.

Respondent specifically denies that its conduct and/or omissions caused plaintiffs any damages herein.

47.

Respondent specifically denies the allegations of Paragraph 47.

48.

Respondent specifically denies that plaintiffs are entitled to any punitive damages and/or any other damages from respondent.

49.

Respondent specifically denies that plaintiffs are entitled to any reasonable attorney's fees, cost of litigation, and expenses from respondent.

50.

The allegations contained in Paragraph 50 of plaintiffs' petition do not require an answer.

51.

The allegations contained in Paragraph 51 of plaintiffs' petition are denied.

**AFFIRMATIVE DEFENSES**

52.

The Complaint fails to state a claim upon which relief can be granted.

53.

Plaintiffs have failed to mitigate their damages.

54.

Respondent pray for and are entitled to a reduction in liability for the damages claimed by the plaintiffs in this proceeding to the extent that the negligence and/or fault of any other individuals, entities, and/or parties other than respondent caused and/or contributed to the accident and resulting damages, if any, claimed in this matter.

55.

Respondent also prays for and is entitled to a reduction in liability based upon the percentage of negligence and/or fault of any other solidary obligors and/or tortfeasors released by the plaintiffs in this proceeding.

56.

To the extent that Joni Karras committed any illegal or improper acts, respondent specifically denies that she was acting as agent for respondent. Respondent denies that it is

responsible for any damages which may have been caused by any alleged misconduct on the part of Joni Karras.

57.

Respondent avers that any damages were incurred by plaintiffs; however, to the extent that plaintiffs suffered any damages, respondent avers that said damages were caused by the egregious, negligent, and intentional conduct of the plaintiffs.

58.

Respondent desires and is entitled to a trial by jury.

**WHEREFORE,** respondent pray that this answer be deemed good and sufficient and after legal proceedings have been had, there be judgment in favor of respondent and rejecting plaintiffs' demands at plaintiffs' costs. Respondent further prays that this matter be tried by jury as to all issues herein.

Respectfully Submitted,

**KEOGH, COX & WILSON, LTD.**
701 Main Street
P.O. Box 1151
Baton Rouge, LA 70821
(225) 383-3796
gracella@kcwlaw.com
Mthompson@kcwlaw.com


By: /s/ Gracella Simmons
     GRACELLA SIMMONS, #12082
     MICHAEL M. THOMPSON, #30758

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 30th day of June, 2009.

    /s/ Gracella Simmons
**GRACELLA SIMMONS**