UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBIN WILLIAMS, ET AL

VERSUS

EAST BATON ROUGE PARISH
SHERIFF'S OFFICE, ET AL

CIVIL ACTION

NUMBER 09-148-JJB-SCR

**RULING ON MOTION TO QUASH SUBPOENAS
AND/OR FOR PROTECTIVE ORDER**

Before the court is the Motion to Quash Subpoena Duces Tecum and/or for a Protective Order. Record document number 28. The motion is opposed.[1]

Defendant Riverdale Commons Homeowner's Association, Inc., (hereafter, Riverdale) moved to quash subpoenas issued March 4, 2010 by the plaintiffs to Regions Bank, Chase Bank J.P. Morgan Bank, and Chase Online Bill Payment Department. Plaintiffs sought production of Riverdale's bank records for the period from January 1, 2005 to March 3, 2010.[2] Defendant made essentially two arguments in support of its motion: (1) the subpoenas are excessive, unduly burdensome and overbroad; and (2) the plaintiffs

---

[1] Record document number 29. Defendant Riverdale was allowed until April 14, 2010 to file a reply memorandum. Record document number 33. No reply memorandum was filed. Plaintiffs filed better copies of the subpoenas than those filed with the defendant's motion. Record document number 35.

[2] The banks are not parties to this motion. There is no indication that they were served with either the motion or the opposition. It is not clear from the defendant's motion or the plaintiffs' opposition whether the subpoenas have been served.

failed to provide the affidavit of counsel required by LSA-R.S. 6:333.[3]

**Subpoenas**

Plaintiffs' Original Complaint, filed March 18, 2009, alleged in paragraph 18 that "[a]ll homeowners had to pay dues to Riverdale ... monthly as of November 2005," and that "[t]here was a Special Assessment ... in October, 2005, to repair the roofs of the townhouse buildings."[4]  Plaintiffs' Original Complaint alleged in paragraph 45 as follows: "The defendants all caused the conversion of plaintiffs' Association dues, Special Assessment, and other

---

[3] The specific section of the statute which contains the affidavit requirement is R.S. 6:333.C(2), which provides as follows:
>    (2) Prior to the return date, the person requesting the issuance of the disclosure demand furnishes the bank with an affidavit certifying both of the following:
>    (a) That such disclosure demand, or a certified copy thereof, has also been personally served upon each customer named in the disclosure demand to whom the financial records being sought pertain or upon such customer's counsel of record in accordance with Subsection D of this Section.
>    (b) That such service was made at least fifteen business days prior to the return date.

[4] Plaintiffs did not specifically allege in their complaint that they are or were homeowners during the time defendant Riverdale collected these dues and assessment.  They alleged that plaintiff Robin Williams "moved into a townhouse ... in 1989," and that "the townhouse is in Trace's name and both lived there until 2008."  Record document number 1, Plaintiffs' Original Complaint, ¶ 18.  Nor did the plaintiffs specifically allege that either of them actually paid the dues or the special assessment to defendant Riverdale.  Defendant has not moved to dismiss either plaintiff's state laws claims against it for lack of standing, failure to state a claim upon which relief can be granted, or on any other basis.

2

moneys collected.  Defendants Karras and the Association committed fraud and were unjustly enriched by taking and using Association money for personal use."

Given these allegations, defendant Riverdale's bank records would be evidence relevant to the plaintiffs' state law claims against defendants Riverdale and Karras since the financial records would show how the dues and assessments were spent, i.e. whether they were expended for legitimate purposes in accordance with the Riverdale bylaws or were expended improperly as alleged by the plaintiffs.  However, contrary to the plaintiffs' argument, it is not apparent how these financial records would be relevant to the plaintiffs' federal claims against defendant Sheriff Sid J. Gautreaux.

The time period covered by the plaintiff's subpoenas is excessive. Apparently, dues were not collected from the homeowners before November 2005.  Plaintiffs alleged that they made efforts through at least May 2008 to review defendant Riverdale's financial records.  Therefore, defendant Riverdale's bank records from November 2005 through May 2008 would likely contain information relevant to the plaintiffs state law claims against defendants Riverdale and Karras.

Plaintiffs' vague reference to the association's bylaws in support of their opposition is unpersuasive since the bylaws were not provided to the court, are not in the court record, and the

3

relevant provisions of the bylaws were not included in the plaintiffs' opposition memorandum.

Because the defendant has not shown that production of the subpoenaed records imposes any burden at all on it, its argument that the subpoenas should be quashed as unduly burdensome is unavailing.

Defendant did not cite a state or federal statute or court decision holding, directly, indirectly or by analogy to some other state statute, that LSA-R.S. 6:333 is applicable to a subpoena issued pursuant to Rule 45, Fed.R.Civ.P., in a Louisiana federal court case.  Defendant did not even make a cogent argument for application of the statute in this case.[5]  In an equally perfunctory argument, the plaintiffs merely cited Rule 45 and argued that federal law applies.  Both the plaintiffs and the defendant have failed to adequately address whether R.S. 6:333 generally, or R.S. 6:333.C(2) particularly, applies to the plaintiffs' subpoenas.

Nonetheless, the court's research indicates that federal courts in Louisiana regularly apply the statute, or at least

---

[5] Defendant does not argue that the requested records are protected from disclosure by any applicable privilege.  Nor has the defendant argued, or directed the court to any case which holds, that the statute itself creates a privilege which is applicable in this case pursuant to Rule 501, Fed.R.Evid.  The Fifth Circuit Court of Appeals has declined to interpret R.S. 6:333 as creating a privilege.  *In the Matter of Lenard*, 849 F.2d 974, 978 (5th Cir. 1988).

address and determine whether it is applicable to the facts of the particular case.  The court has not found any Louisiana federal court case which holds that R.S. 6:333 generally does not apply in federal court cases, or that Rule 45 trumps the application of R.S. 6:333.

The application R.S. 6:333 in federal cases was most recently discussed in *McKinley v. Harvey Toyota of Bossier City, Inc.*, 534 F.Supp.2d 668 (W.D.La. 2008), *Jones v. CSC Credit Services, Inc.*, 565 F.Supp.2d 690 (W.D.La. 2008), and *Martinez v. State Farm Fire and Casualty Co.*, 2008 WL 2832166 (E.D.La. 2008).  In all three cases the parties did not seriously dispute that the statute is applicable in federal court cases.

In *Jones*, the plaintiff moved to compel production of information about third parties from several bank defendants.  Plaintiff argued that the information she sought qualified as "general credit information" and so the statute did not apply.  The court concluded that R.S. 6:333.F(7) requires that the requesting person "has a legitimate business need for it [the general credit information] in connection with a transaction or proposed transaction between the customer and such person."  Since the plaintiff sought the information for use in the litigation the information sought did not come under Subsection F(7).  Because the plaintiff had not complied with the notice and other requirements of R.S. 6:333 her motion to compel was denied, for the most part.

The court did order the bank defendants to produce identifying information, which the plaintiff might later use to seek additional third party credit information from the bank defendants, and the plaintiff was directed to comply with R.S. 6:333 if she did so.[6]

In *Harvey*, the plaintiff filed suit in state court and asserted state law claims based, in part, on an alleged violation of R.S. 6:333.  After the case was removed to the federal court, one of the individual defendants moved to dismiss the plaintiff's R.S. 6:333 claim against him.  The court ruled that the statute did not apply to the defendant because the defendant is not a bank or other financial institution covered by the statute.

In *Martinez* the plaintiffs moved to quash subpoenas duces tecum issued by the defendant to several banks which were not parties in the case.  Plaintiffs argued that the defendant had not complied with R.S. 6:333(b)(1), which requires personal service of the subpoena on the customer or his counsel and submission of an affidavit at least 15 days prior to the return date.[7]  While the court found it was obvious that the plaintiffs and their counsel have been served with the subpoenas, it still required the

---

[6] There is no indication from the district court record that the plaintiff later sought production of additional information from the bank defendants.

[7] This is the subsection cited in the opinion.  However, the requirement of personal service of the subpoena on the customer or his counsel and submission of an affidavit is found in Subsection C(2).

defendant to comply with the statute and to file the required affidavits in the record. Subject to that requirement, the court concluded that the subpoenaed documents were discoverable.

Plaintiffs here cited no Louisiana federal court decision holding that R.S. 6:333 is generally not applicable in federal court cases or that Rule 45 solely controls how a bank or other financial institution must respond to a subpoena issued in a federal case. Although the courts in the decisions cited above did not engage in an analysis of the application of R.S. 6:333 in federal cases, they reached consistent determinations.

The statute is part of the state's substantive banking law, and not merely a regulation of discovery or evidence. Unlike the state's procedural rules found in the Louisiana Code of Civil Procedure, or the state's evidentiary rules found in the Louisiana Code of Evidence, R.S. 6:333 is found in the Louisiana Banking Law.[8] Therefore, R.S. 6:333 is does not merely serve to regulate discovery in civil cases or determine what banking records may be admissible in evidence.[9] Rather, the statute both expresses state policy regarding the privacy of bank customer information and comprehensively regulates the manner in which banks and other financial institutions may produce customer financial information

---

[8] LSA-R.S. 6:1, et seq, enacted by Acts 1984, No. 719.

[9] The statute does touch on those subjects, as to financial records relating to a loan or extension of credit, in Subsection I(2). That subsection is not at issue in this motion.

to third parties.[10]

Plaintiffs have not shown that Rule 45 can displace substantive state law generally or that the rule does so as to R.S. 6:333.C(2).[11]  In The Enabling Act, 28 U.S.C. § 2071, et seq., Congress specifically provided that procedural rules "shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  Therefore, Rule 45 cannot be interpreted and applied to thwart R.S. 6:333.C(2).  Furthermore, nothing in R.S. 6:333.C(2) prevents a person issuing a subpoena from also complying with Rule 45, particularly the provisions regarding notice and service, and avoiding imposing an undue burden and expense on the banks.  Nor does anything in Rule 45 prevent a person issuing a subpoena from complying with R.S. 6:333.C(2).

**Protective Order**

Rule 26(c)(1), Fed.R.Civ.P., permits the court to issue a protective order upon a showing of good cause.  Defendant complains that the plaintiffs have made no plans to protect the confidentiality or privacy of its banking records.  However, it is

---

[10] See R.S. 6:333.B, limiting disclosures of customer financial records to the circumstances described in the statute. The statute "now provides the exclusive method for disclosures by a bank of its customer records to private or state and local agencies." R.S. 6:333, 1984 Revision Comments.

[11] Defendant did not argue that the plaintiffs failed to comply with any other provision of R.S. 6:333.

not the plaintiffs who seek a protective order.[12]  Defendant has not even suggested what the terms of an appropriate protective order might be, much less actually offered one for the plaintiffs and the court to consider.[13]

**Conclusions**

Accordingly, the Motion to Quash Subpoena Duces Tecum and/or for a Protective Order filed by defendant Riverdale Commons Homeowner's Association, Inc., is granted in part.  The subpoenas are limited to the period from November 2005 through May 2008, and the plaintiffs shall comply with R.S. 6:333.C(2).  Since the return date on the subpoenas has already passed, thereby making compliance with R.S. 6:333.C(2) impossible as to these subpoenas, these subpoenas are quashed and the plaintiffs shall issue and serve new subpoenas.  In all other respects, the defendant's motion is denied.[14]

---

[12] Defendant asserts that "the subpoenas intend to make public confidential financial information." Record document number 28, p. 3, ¶ 10.  However, this is not apparent from the subpoenas themselves, and the defendant's basis for this assertion is not otherwise explained.

[13] Defendant did mention "a confidentiality order and a requirement to file under seal." Record document number 28-2, p. 4, ¶ C.  But the defendant did not explain what it means by "confidentiality" or in what manner "a confidentiality order" would restrict the plaintiffs' use of the financial records.

[14] The banks are not before the court at this time. Consequently, this ruling does not prohibit the banks from taking such action as they may deem advisable in response to the new
(continued...)

Under Rule 37(a)(5)(C) the parties shall bear their respective costs incurred in connection with the motion.

Baton Rouge, Louisiana, April 15, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[14](...continued)
subpoenas.  Nor does this ruling address the applicability of any provision of R.S. 6:333 in this case other than Subsection C(2).