UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


ROBIN WILLIAMS, ET AL.

CIVIL ACTION

VERSUS

NO. 09-148-JJB

EAST BATON ROUGE PARISH
SHERIFF'S OFFICE, ET AL.


**RULING**

This matter is before the Court on motions to dismiss filed by defendants Joni Karras (doc. 51) and Riverdale Commons Homeowner's Association (doc. 53). Plaintiffs Robin Williams and Trace Williams filed a Partial Response to Defendants' Motions to Dismiss and Request for Enlargement (doc. 71). Also before the court: plaintiffs' Motion for Leave to File Amended Complaint (doc. 81) and plaintiffs' Appeal (doc. 79) under LR74M of the Denial of Plaintiffs' Motion to Abate for Reasonable Time to Find Counsel. Oral argument is not necessary.

Robin and Trace Williams commenced this litigation by filing suit against East Baton Rouge Parish Sheriff's Office, Sheriff Sid Gautreaux, III, Riverdale Commons Homeowner's Association, Inc. ("Riverdale" or "Association"), and Joni Karras, alleging negligence, gross negligence, fraud, conversion, unjust enrichment, malicious prosecution, and various violations of 42 U.S.C. §1983. Plaintiffs' Complaint alleges multiple incidents of improper arrest by the East Baton Rouge Sheriff's Office, outlining numerous encounters whereby plaintiffs

allege they were arrested without reasonable cause.  Plaintiffs further complain of improper use and misappropriation of Homeowner's Association dues by defendant Karras.  The Complaint also details a physical assault on plaintiffs by an individual not named as a party to the suit and asserts that the Sheriff failed to take action on this assault despite plaintiffs' requests.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true.  *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995).  Courts do not, however, accept as true all legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense."  *Id.* at 1949-50.

In its motion to dismiss, the Association asserts that plaintiffs lack standing to raise claims for conversion, fraud, and unjust enrichment and have failed to state a claim under 42 U.S.C. §1983.  The Association also contends that plaintiffs' other state law claims should be dismissed for failure to state a claim.

A review of Louisiana jurisprudence indicates that plaintiffs do not have standing to assert claims for conversion, fraud, or unjust enrichment against the

Association.  In *Stall v. State Farm Fire & Casualty Co.*, 995 So.2d 670 (La. App. 4th Cir. 2008), a Louisiana appellate court held that a similarly situated plaintiff lacked standing to assert negligence claims against a condominium owner's association.  According to the court, the plaintiff had no standing to assert her claims "because this alleged injury would be to the corporation and not to [plaintiff] directly.  Even if plaintiff suffered an indirect loss, the courts have made it clear that a shareholder cannot assert an injury or loss as a separate claim; the claim must be asserted derivatively and not individually."  *Id.* at 675.  *See also Sun Drilling Prods. Corp. v. Rayborn*, 798 So.2d 1141 (La. App. 4th Cir. 2001).

Similarly, the Fifth Circuit has also held that members of a homeowner's association lack standing to assert such claims for diversion of members' assets. *Joffrion v. Tufaro*, 606 F.3d 235 (5th Cir. 2010), citing *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992).

All of plaintiffs' claims for conversion, fraud, and unjust enrichment allege injuries to the Association, and state law provides that the sole cause of action for these injuries accrues to the Association, not to plaintiffs.  Based on the foregoing case law, this court finds accordingly that plaintiffs lack standing to assert claims for conversion, fraud, and unjust enrichment against the Association.  Insofar as plaintiffs' negligence claims arise out of misuse or misappropriation of Homeowner's Association dues, plaintiffs also lack standing to raise those claims.

The Association further seeks dismissal of all other state law claims against it for failure to state a cognizable claim to relief.  Riverdale correctly asserts that plaintiffs have not alleged facts sufficient to allow recovery against the Association under Louisiana law.  There are no factual allegations regarding negligence or "gross negligence" of Riverdale (except arguably related to Riverdale's negligence in allowing homeowner's association dues to be misused, but plaintiffs clearly lack standing to raise those claims).  Likewise, there are no factual allegations regarding the Association's role in any malicious prosecution of plaintiffs.

Riverdale also seeks dismissal for failure to state a claim for relief under 42 U.S.C. §1983.  Neither the Complaint nor plaintiffs' proposed amended complaint alleges Riverdale was acting as a state actor for purposes of §1983.  Similarly, with the exception of a conclusory assertion that defendants "conspired" with the Sheriff's Office, there are no factual allegations sufficient to establish a conspiracy between the Association and the Sheriff's Office.[1]  As such, plaintiffs have failed to state a cognizable claim for relief under §1983.

Defendant Karras moves to dismiss the conversion, fraud, and unjust enrichment claims for lack of standing and moves to dismiss the §1983 claims

---

[1] Even assuming that Karras' alleged payment of Homeowner's funds to her stepfather who is an officer with the East Baton Rouge Sheriff's Office could be attributed to Riverdale, this payment standing alone is not sufficient to establish an agreement between Riverdale and the Sheriff's Office or any other state actor, and is thus insufficient to establish a conspiracy.  *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).  There are no other factual allegations attempting to link this payment to any agreement or purported conspiracy between the Association and any member of the Sheriff's Office.

against her for failure to state a claim.[2]  Plaintiffs allege that Karras was acting in her official capacity when she engaged in the misappropriation of Association funds.  The misappropriation and misuse of funds form the sole basis of plaintiffs' claims for conversion, fraud, and unjust enrichment against Karras.

For the same reasons plaintiffs lack standing to raise these claims against the Association, plaintiffs also lack standing to raise these claims against Karras while acting in her capacity as officer of the Association.  The claims against Karras for misappropriation of Association funds belong solely to the Association, which suffered the loss for the misappropriation.  Plaintiffs lack standing to raise these claims and have not sought to do so derivatively.  As such, any claims arising from Karras' misappropriation of Association funds, including claims for conversion, fraud, and unjust enrichment, are dismissed.[3]

Karras also seeks dismissal of the §1983 claims against her for failure to state a claim.   Karras argues that plaintiffs have failed to allege sufficient facts to be entitled to any relief under §1983 because Karras is not a state actor for §1983 purposes and because the allegations against her are conclusory.

To state a claim cognizable under §1983, plaintiffs must establish three elements: (1) deprivation of a right secured by federal law (2) that occurred under

---

[2] While Karras phrases the motion as seeking dismissal of "all State Law claims" against her, Karras only addresses the merits of plaintiffs' claims based on misappropriation of funds and §1983.  Therefore, these are the only claims addressed by this court.

[3] To the extent plaintiffs' negligence claims arise from Karras' misappropriation or misuse of Association funds, those negligence claims are likewise dismissed.

color of state law, and (3) was caused by a state actor.  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

The Fifth Circuit decision in *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988) is directly applicable to this court's present inquiry.  The court stated:

> "[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 388 (5th Cir. 1985).  Police reliance in making an arrest on information given by a private party does not make the private party a state actor. *Hernandez v. Schwegmann Brothers Giant Supermarkets, Inc.,* 673 F.2d 771, 772 (5th Cir. 1982). "The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action." *Sims v. Jefferson Downs Racing Association,* 778 F.2d 1068, 1078-79 (5th Cir. 1985).  The record supports the conclusion that [the defendant] reported criminal activity and signed a complaint. These actions alone, however, cannot satisfy the state action requirement.

*Daniel*, 839 F.2d at 1130.  Similarly, in *Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982), the Supreme Court noted that a private party who misused or even abused the state process did not engage in state action for §1983 purposes.

Plaintiffs' allegations against Karras related to §1983 are almost entirely conclusory.  For instance paragraph 41 asserts, "Joni Karras and Riverdale Commons Homeowners Association, Inc., conspired with Sheriff Gautreaux and the East Baton Rouge Parish Sheriff's Office to violate plaintiffs['] rights as set forth in the paragraphs above."  The preceding paragraphs of the complaint,

though, do not contain specific factual allegations establishing a conspiracy between these defendants.

Plaintiffs allege that Karras complained to the police about the plaintiffs, which the aforementioned case law specifically deems insufficient to state a claim for relief under §1983.  In their opposition, plaintiffs fail to identify any additional factual allegations they could assert that would be sufficient to establish a viable §1983 conspiracy claim.  The only other factual allegation against Karras is that she gave her stepfather, an officer of the Sheriff's Office, $400 worth of Association funds.  Plaintiffs do not allege that this influenced or was intended to influence the actions of the Sheriff's Office in eventually arresting plaintiffs, nor that there was any agreement between Karras and the Sheriff's Office.  This payment is not sufficient to establish an agreement between Karras and the Sheriff's Office and is thus insufficient to establish a conspiracy.  *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

As plaintiffs lack standing to assert state law claims for conversion, unjust enrichment, fraud, and negligence against these two defendants, an amended complaint against these two defendants would be futile.  Moreover, because this court gave full consideration to the proposed amended complaint included in plaintiffs' response to the motions to dismiss[4] and found the proposed amended

---

[4] The proposed amended complaint included in opposition to the motions to dismiss is identical to the proposed amended complaint attached to the motion to amend (doc. 81) except that the proposed amended complaint in opposition to the motions to dismiss appears more extensive.  There are no facts alleged in the amended complaint attached to the motion to amend (doc. 81) that are not alleged in the proposed amended complaint included in plaintiffs' opposition to the motions to dismiss.

facts insufficient to state a viable claim for relief under §1983, there is no need for plaintiffs to be given further opportunity to amend their complaint regarding any of the dismissed claims against these two defendants.

Plaintiffs also seek to appeal the Magistrate's September 13, 2010 ruling, which granted withdrawal by certain of plainitffs' counsel but denied a stay of proceedings for plaintiffs to find additional counsel.  Plaintiffs still have legal representation in this matter—their present attorney Burton Guidry filed the initial complaint in this matter.  In plaintiffs' opposition (doc. 71) to the motions to dismiss, plaintiffs requested ten days, until September 12, 2010, to find additional counsel and further respond to the motion.  That time has long since passed, and plaintiffs chose not to file an updated response, nor enroll additional counsel. This court sees no reason to grant extra time when: a) this matter is not being entirely disposed of on the merits; b) plaintiffs still have legal representation; c) the standing issue will not change simply because plaintiffs receive new counsel; d) plaintiffs failed to follow through with their own request to enroll additional counsel and file a further response by September 12, 2010.

Accordingly, defendant Riverdale Commons Homeowner's Association's motion to dismiss (doc. 53) is GRANTED, and all claims against Riverdale Commons Homeowner's Association are HEREBY DISMISSED.  Defendant Joni Karras' motion to dismiss (doc. 51) is GRANTED as to the federal §1983 claims and state law claims for conversion, fraud, and unjust enrichment, as well as state law claims for negligence insofar as the claims arise out of the alleged

misappropriation of homeowner's association dues and fees, and is DENIED in all other respects.  Plaintiffs' Motion for Leave to File Amended Complaint (doc. 81) is DENIED, and the Magistrate's ruling entered on September 13, 2010 is AFFIRMED.

Signed in Baton Rouge, Louisiana, on September 28, 2010.

_____

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA