UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBIN WILLIAMS, ET AL.

VERSUS

EAST BATON ROUGE PARISH
SHERIFF'S OFFICE, ET AL.

CIVIL ACTION

NO. 09-148-JJB

## RULING

This matter is before the Court on a motion to dismiss filed by defendant Joni Karras (doc. 95). Plaintiffs Robin Williams and Trace Williams have filed no opposition to this motion. Oral argument is not necessary.

Robin and Trace Williams commenced this litigation by filing suit against East Baton Rouge Parish Sheriff's Office, Sheriff Sid Gautreaux, III, Riverdale Commons Homeowner's Association, Inc., and Joni Karras, alleging negligence, gross negligence, fraud, conversion, unjust enrichment, malicious prosecution, and various violations of 42 U.S.C. §1983. In a previous ruling (doc. 85), this court dismissed all claims against Riverdale Commons and the majority of plaintiffs' claims against Karras. The only claims remaining against Karras are for malicious prosecution and, potentially, negligent and/or intentional infliction of emotional distress. Karras' present motion seeks dismissal of these remaining claims.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts

1

accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In the present motion to dismiss, Karras seeks dismissal of the remaining claims against her. Karras notes that plaintiffs' only remaining claims against her are for malicious prosecution and what plaintiffs' complaint labels "mental anguish." While mental anguish is not a separate cause of action but an item of damages, Karras contends that plaintiffs' "mental anguish" allegations can best be characterized as attempting to assert a claim for either intentional or negligent infliction of emotional distress.

To assert a claim for intentional infliction of emotion distress under Louisiana law, a plaintiff must show: (1) that the conduct of defendant was extreme and outrageous; (2) that the emotional distress suffered was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from defendant's conduct. *Lann v. Davis*, 793 So.2d 463, 466 (La. App. 2d Cir. 2001); *see also White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). The Louisiana Supreme Court has limited damage awards for intentional infliction of emotional distress to behavior by a defendant "so outrageous in character, and

so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *White*, 585 So.2d at 1209.

Karras correctly asserts that Louisiana law does not generally recognize an independent cause of action for negligent infliction of emotional distress. *Moresi v. Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1095-96 (La. 1990). Moreover, plaintiffs have not established an "especial likelihood of genuine and serious mental distress." *Id.* at 1096. The court agrees with Karras that plaintiffs have failed to allege sufficient facts to establish a plausible right to relief for either intentional or negligent infliction of emotional distress under Louisiana law. However, insofar as plaintiffs can establish a claim for malicious prosecution and show mental anguish damages in connection therewith, then plaintiffs may still be entitled to assert their mental anguish claims, though only in connection with their malicious prosecution claim.

To establish a claim for malicious prosecution under Louisiana law, a plaintiff must show: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original criminal proceeding; (3) bona fide termination of the criminal proceeding in favor of the present plaintiff; (4) the absence of probable cause for the criminal proceeding; (5) malice; and (6) damage to plaintiff, conforming to legal standards. *Miller v. E. Baton Rouge Parish Sheriff's Dep't*, 511 So.2d 446, 452 (La. 1987). The court finds that the complaint asserts

sufficient allegations to establish a claim by plaintiff Robin Williams against Joni Karras for malicious prosecution; as such, the malicious prosecution claim is not appropriately disposed of on a motion to dismiss. Whether plaintiff's malicious prosecution assertions are able to withstand a motion for summary judgment is a matter for another day.

Accordingly, defendant Joni Karras' motion to dismiss (doc. 95) is GRANTED as to plaintiffs' state law tort claims for negligent infliction of emotional distress and intentional infliction of emotional distress, and DENIED as to plaintiff Robin Williams' claim for malicious prosecution.

Signed in Baton Rouge, Louisiana, on December 8, 2010.

```
                                    JUDGE JAMES J. BRADY
                                    UNITED STATES DISTRICT COURT
                                    MIDDLE DISTRICT OF LOUISIANA
```