UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBIN WILLIAMS, ET AL.

VERSUS

EAST BATON ROUGE PARISH
SHERIFF'S OFFICE, ET AL.

CIVIL ACTION

NO. 09-148-JJB

## **RULING**

This matter is before the Court on a motion for summary judgment (doc. 115) filed by Sheriff Sid. J. Gautreaux, III, individually and in his official capacity. Plaintiffs Robin Williams and Trace Williams have filed no opposition to this motion. Also before the court is a motion (doc. 120) by Joni Karras to designate prior rulings as final and appealable. Oral argument is not necessary.

Robin and Trace Williams commenced this litigation by filing suit against East Baton Rouge Parish Sheriff's Office, Sheriff Sid Gautreaux, III, Riverdale Commons Homeowner's Association, Inc., and Joni Karras, alleging negligence, gross negligence, fraud, conversion, unjust enrichment, malicious prosecution, and various violations of 42 U.S.C. §1983. In previous rulings (docs. 85, 113), this court dismissed all claims against Riverdale Commons and Joni Karras and the majority of plaintiffs' claims against Sheriff Gautreaux. In the present motion, Sheriff Gautreaux, individually and in his official capacity, requests that summary judgment be granted and that plaintiffs' remaining claims against Sheriff Gautreaux be dismissed.

1

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

In the present motion, defendant Gautreaux seeks dismissal of plaintiffs' claims for malicious prosecution, conversion, fraud, and unjust enrichment.

Plaintiffs have not opposed this motion. Defendant Gautreaux correctly asserts that there is no genuine issue of fact and that defendant is entitled to judgment as a matter of law on these remaining claims. Plaintiffs have not provided evidence to refute that each of plaintiffs' arrests were based on information obtained by victims and witnesses and in good faith by the deputies and that the Sheriff and his deputies had probable cause for each arrest. Plaintiffs have thus not established the presence of malice, nor the absence of probable cause. Plaintiffs have also not offered evidence to refute defendant's contention that neither the Sheriff nor his deputies exercised or assumed any authority over plaintiffs' association dues, special assessment, or any other money collected. As such, the Sheriff is entitled to judgment as a matter of law on plaintiffs' claims for malicious prosecution, conversion, fraud, and unjust enrichment.

Accordingly, Sheriff Gautreaux's motion (doc. 115) for summary judgment is HEREBY GRANTED and all of plaintiffs' remaining claims against Sheriff Gautreaux, individually and in his official capacity, are hereby DISMISSED. Joni Karras' motion (doc. 120) is hereby DENIED AS MOOT.

Signed in Baton Rouge, Louisiana, on April 19, 2011.

_____
 **JUDGE JAMES J. BRADY**
 **UNITED STATES DISTRICT COURT**
 **MIDDLE DISTRICT OF LOUISIANA**